IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

TAKEISHA TUCKER, individually,
and on behalf of her minor daughter
TYRA TUCKER                                                                                    PLAINTIFF

V.                                                                              CAUSE NO. 3:16-cv-93-NBB-JMV

CALHOUN COUNTY SCHOOL DISTRICT and
MIKE MOORE, INDIVIDUALLY and
IN HIS OFFICIAL CAPACITY AS
SUPERINTENDENT OF CALHOUN COUNTY
SCHOOL DISTRICT                                                                             DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon the plaintiff's motion for temporary restraining order and request for preliminary injunction, [or] alternatively, for issuance of a writ of mandamus filed on May 20, 2016. The plaintiff's motion asks this court to "immediately instate Tyra Tucker as the Sole Salutatorian for Calhoun City High School at Graduation on May 20, 2016." The plaintiff alleges the defendants "has [sic] and continues to willfully and corruptly and/or to neglect to reinstate Tyra Tucker as the Sole Salutatorian for Calhoun City High School at graduation . . . and as a result . . . has deprived [her] of a privilege that should otherwise be afforded to her and has deprived her of due process . . . ." Further, the plaintiff states that the defendants, "continue[] to implement a vague and ambiguous grading policy which deprives Tyra Tucker the right and privilege to be named and honored as the Salutatorian of Calhoun City High School at graduation on May 20, 2016." The plaintiff's motion is devoid of any attempt to provide notice or explanation of why notice has not been provided to the adverse parties as required by Federal Rule of Civil Procedure 65.

This court notes that preliminary injunctions are an extraordinary remedy. *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994). Well settled precedent requires four elements be proven before a party is entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc*., 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995), cert. denied, 516 U.S. 1166, 116 S.Ct. 1058, 134 L.Ed.2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir.1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir.1993); *Plains Cotton Co-op. Association v. Goodpasture Computer Serv., Inc*., 807 F.2d 1256, 1259 (5th Cir.), cert. denied, 484 U.S. 821, 108 S.Ct. 80, 98 L.Ed.2d 42 (1987*); Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). The failure to prove any one element necessary for an injunction to issue is fatal to the motion. *See Lake Charles Diesel, Inc., v. Gen. Motors Corp*., 328 F. 3d 192, 195-96 (5th Cir. 2003).

Furthermore, Federal Rule of Civil Procedure 65 (b) governs the requirements for an issuance of a temporary restraining order without notice to the adverse party. Rule 65 allows the court to issue a temporary restraining order only if: (A) specific facts in the affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65. The plaintiff's complaint alleges violations of school policy and computer software problems in the school's grading system. Rule 65, FRCP, requirements are for the

purpose of notifying the defendant to come into court and defend such allegations. The school has not been served with notice of these allegations concerning the plaintiff's request for an emergency hearing.

The movant's petition, filed at 10:00 p.m. the night before the scheduled graduation, fails to meet the basic requirements of Rule 65. In its motion, the petitioner's counsel fails to certify or describe any efforts undertaken to provide notice to the affected party of a request for an emergency hearing, nor attempts to provide any explanation as to why notice should not be required.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's petition for injunction fails to meet the requirements of Rule 65 or the elements necessary for an injunction and is not well taken and should be denied. An order in accord with this opinion shall issue this day.

This, the 20th day of May, 2016.

                                              */s/ Neal Biggers*
                                              NEAL B. BIGGERS, JR.
                                              UNITED STATES DISTRICT JUDGE